### 7243.   HARRIS & HARRIS *v.* MONTGOMERY.

HODGES, J.   1. Attorneys suing to judgment, and receiving payment on the judgment in the names of their clients, will not be heard to dispute the title of their clients to money caught by summons of garnishment, by setting up, in answer to the summons of garnishment, that the money in their hands was the individual property of only one of their clients, as they are estopped from attacking the suit so filed, the judgment rendered thereon, and their satisfaction of the fi. fa. based upon the judgment.

2. Suit was brought in the name of husband and wife, and judgment was rendered in their favor. The fi. fa. was paid to their attorneys of

record, and, while the fund was in the hands of the attorneys, summons of garnishment, based on a judgment against the husband, was served upon the attorneys. By agreement, counsel fees were allowed them and one half of the remainder of the fund was paid to the wife. The attorneys answered the garnishment, setting up that the money in their hands was the property of the wife and not of the husband. *Held*, that the attorneys and the husband and wife could not attack the judgment from which the fund arose, by setting up that the husband had no title, except for reasons arising after the filing of the suit, the rendition of the judgment, and the payment of the fi. fa.

3. The rulings complained of, as to the admissibility of evidence, if error, were harmless. The charge of the court covered the issues that should have been submitted. The verdict finding in favor of the traverse was authorized, and the court did not err in refusing a new trial.

*Judgment affirmed.*

DECIDED·JULY 19, 1916.

Garnishment; from city court of Floyd county—Judge Nunnally. January 7, 1916.

*Harris & Harris,* for plaintiffs in error.
*McHenry & Porter,* contra.